## Case No. 17,539.

### WHITE v. BURNS.

[5 Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. March Term, 1837.

PROMISSORY NOTES — DISCHARGE OF INDORSER — COMPETENCY OF WITNESS.

1. If new notes are taken by the holder of a note, and time given without consent of the indorser upon the old note, he is discharged.

2. The maker of a note is a competent witness, not to prove its original invalidity, but the improper use afterwards made of it, and that time was given him without the consent of the indorser.

[See Bank of Columbia v. French, Case No. 867.]

Assumpsit [by W. G. W. White] against [Benjamin Burns] the indorser of J. B. Gorman's note for one hundred dollars.

Mr. Bradley, for defendant, offered to examine J. B. Gorman, the maker of the note, to prove that it was made to be discounted at the Bank of Washington to take up a note for one hundred and five dollars, with the defendant's indorsement, then about becoming due at the Bank of the United States; but that it was discounted by the plaintiff without the consent of the defendant, and that time was given to the maker, also without the defendant's consent.

Mr. Hoban, for plaintiff, relied on the case of Bank of U. S. v. Dunn, 6 Pet. [31 U. S.] 54, that the party to the note cannot be a witness to invalidate it.

THE COURT (nem. con.) permitted Mr. Gorman, the maker, to be sworn and examined as to those facts.

Mr. Bradley then prayed the court to instruct the jury that if they should be of opinion, from the evidence, that after the note upon which this action is brought became due the maker thereof, without the knowledge or assent of the defendant, made an agreement with the plaintiff to forbear any suit upon the said note, and in consideration thereof paid to the plaintiff five dollars, and gave his two promissory notes to the plaintiff, one for $45, at thirty days, and one for $50 at sixty days, and also paid him the further sum of $3.50, and that the plaintiff did, in fact, thereupon forbear any suit until after both the said notes had become due, the plaintiff did thereby discharge the defendant from liability upon the said note.

Mr. Bradley cited Theo. Prin. & Sur. 164, 184; Hubbly v. Brown, 16 Johns. 70; 2 Wheeler, 212; Woodhull v. Holmes, 10 Johns. 231; Skilding v. Warren, 15 Johns. 270.

Mr. Hoban contended that the agreement to forbear was upon an usurious consideration, and, therefore, not binding upon the plaintiff; and, therefore, did not discharge the defendant; and prayed the court to instruct the jury that if they should believe, from the evidence, that more than lawful interest was given for the forbearance of the two notes of fifty and forty-five dollars, such forbearance did not discharge the defendant, and he is liable upon the note of one hundred dollars.

But THE COURT (nem. con.) refused to give the instruction asked by Mr. Hoban, and gave that asked by Mr. Bradley.

Verdict for the defendant.

## Case No. 17,540.

### WHITE v. CLARKE et al.

[5 Cranch, C. C. 102.] [1]

Circuit Court, District of Columbia. June 10, 1837.[2]

EQUITY JURISDICTION—SURRENDER OF NEGOTIABLE PAPER—PAYMENT IN GOODS—INSOLVENCY —COMPROMISE CONTRACTS.

1. Courts of equity have jurisdiction to decree the surrender of negotiable notes, unconscientiously withheld by the defendant.

2. If goods be sold at an abatement of five per cent. from the invoice price, upon the vendee's assurance that the notes given by him therefor should be punctually paid, and he suffers one of them to be protested, and the vendor afterwards receives goods for his claim, at seventy per cent., the seventy per cent. is to be calculated upon the amount due upon the notes, and not upon the full invoice price.

3. The rule that if a debtor, in compounding with his creditors, secretly promises to give to one more than to the others, in order to induce him to sign the instrument of composition, it is void, only applies to cases where the creditors are supposed mutually to agree with each other, as well as with the debtor. But when each creditor is separately compounded with, this principle of mutuality and equality does not apply.

4. Each creditor has a right to make his own bargain with his debtor, and one bargain cannot be void because it is better than another.

5. A fraud in another transaction between the complainant and others, not parties to the cause, cannot invalidate the transaction between the parties to the suit before the court.

The bill in equity in this case states that on the 2d of July, 1832, the complainant passed to the defendants his twenty-six promissory notes of that date, each for $274.67, payable to them at different times, from sixteen to forty-four months, amounting to $7,141.42, three of which notes had been passed away by the defendants to Clagett & Washington; that on the 30th of December, 1833, he entered into an agreement with the defendants, to anticipate the payment of those notes, and to deliver to them, and they agreed to receive of the complainant, goods in his store, "in full payment of the said sum of money, at the rate of seventy cents in the dollar on the price the said goods and merchandise were marked to have cost; and the said Clarke and Briscoe did further agree to deliver to your

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Affirmed in 12 Pet. (37 U. S.) 178.]